UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY DUINO,<br><br>                      Plaintiff,<br><br>v.<br><br>CEM WEST VILLAGE, INC., and STEPHAN MARSAN<br><br>                      Defendants. | Civil Action No.:<br>18-cv-10249 |

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

McMahon, CJ:

Plaintiff Tony Duino ("Plaintiff") initiated this action against Defendant CEM West Village, Inc. ("CEM") on September 20, 2018 in New York State Court. Plaintiff alleges that, on July 23, 2018, he fell down a staircase in an apartment located within 149 West 10th Street, New York, New York. Naming CEM as the only defendant, the complaint claims that Plaintiff suffered severe personal injuries due to CEM's negligence. CEM owns 149 West 10th Street and is the landlord of the apartment where Plaintiff was allegedly injured. It is a Delaware corporation with its principal place of business in California. Plaintiff is a New York resident.

On July 15, 2019, Plaintiff filed an amended complaint, joining Stephan Marsan ("Marsan") to this action. Defendant Marsan, also a New York resident, is the leaseholder of the apartment in which this incident allegedly occurred.

Plaintiff now moves to remand this action to the New York State Supreme Court, pursuant to 28 U.S.C. § 1447(e), because the joinder of Marsan, a non-diverse party, divests this Court of diversity subject matter jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff's motion is GRANTED.

1

## BACKGROUND

### I. Parties

Defendant CEM owns 149 West 10th Street and is the landlord of the apartment therein where the incident giving rise to this action allegedly occurred. (Mem. of L. in Supp. of Pl.'s Mot. to Remand This Matter to N.Y. State Ct. Based on Lack of Complete Diversity 1, Dkt No. 52.) CEM is a Delaware corporation with its principal place of business in California. (*Id.* at 2.) Defendant Marsan, a New York resident, is the leaseholder of the apartment where the alleged incident occurred. (*Id.* at 1.) Plaintiff, like Marsan, is a New York resident. (*Id.*)

### II. Removal to Federal Court

Plaintiff alleges that he suffered severe personal injuries due to CEM's negligence as a result of falling down a staircase in an apartment owned by CEM located within 149 West 10th Street. Dkt. No. 52, Pl.'s Mem. at 1. The original complaint was filed in New York State Court in New York County on September 20, 2018, based on the location of CEM's property. *Id.* A month after filing the complaint, on October 25, 2018, Plaintiff moved to amend his pleading to change his domicile from New Jersey to New York. (Def. CEM W. Vill. Inc.'s Br. in Opp'n to Mot. to Remand to N.Y. State Ct. 1–2, Dkt. No. 53.)

CEM removed this action to the Southern District of New York on November 18, 2018, based on diversity of citizenship. *Id.* Noting that Plaintiff's amended complaint identified both Plaintiff and CEM as New York residents, this Court issued a Memorandum Endorsement Order ordering both parties to show cause as to why this matter should not be remanded. (*Id.* at 3, Ex. E.) CEM submitted a response that demonstrated there was complete diversity between Plaintiff and CEM, to which Plaintiff acquiesced. (*Id* at 3, Ex. F.)

For the next six months, discovery proceeded under the direction of Magistrate Judge Sarah Netburn. On June 7, 2019, CEM produced Marsan on its behalf for examination. (Dkt. No. 52, Pl.'s Mem. at 2.) In his deposition, Marsan stated that he had a written lease with

CEM and rented the apartment where the alleged incident occurred. (*Id.*) On June 19, 2019, CEM produced a one-year lease between CEM as landlord and Marsan as tenant, dated January 1, 2018. (Dkt. No. 52, Pl.'s Mem. at 3); (Pl.'s Br. in Reply to Opp'n to Mot. to Remand This Matter to N.Y. State Ct. and in Further Supp. of this Mot. 2, Dkt. No. 54.)

In a scheduling order entered July 1, 2019, the court set July 15, 2019 as the final date for the filing of amended pleadings. (Req. for Extension of Disc. Deadlines with Consent of All Parties 1, Dkt. No. 21.) On July 12, 2019 – within the time period – Plaintiff filed an amended complaint to join Marsan to this action, alleging that Marsan was also liable for Plaintiff's injury. (Dkt. No. 53, Def.'s Br. at 2.) Though the amended complaint initially listed California as Marsan's domicile, subsequent discovery revealed that Marsan resides in New York. (*Id.* at 4.) Therefore, Plaintiff now moves to remand this action to New York State Court, asserting that the joinder of Marsan, a New York resident, destroys complete diversity between the parties. (*Id.* at 5–6.)

## DISCUSSION

### I. Joinder and Remand under § 1447(e)

Under Section 1441(a) of Title 28 of the United States Code, any civil action brought in state court may be removed to federal court when the federal court has "original jurisdiction" over the subject matter of that action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332. Federal diversity subject matter jurisdiction additionally requires complete diversity of citizenship, and so no plaintiff may be a resident of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Furthermore, remand is required "if at any time before the final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The removal statute, especially with reference to

3

diversity jurisdiction cases, must be strictly construed. Any doubts as to removability should be resolved in favor of remand." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

This Court must first evaluate whether Marsan was properly joined in this action pursuant to Rule 20 of the Federal Rules of Civil Procedure. *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y 2000). § 1447(e) gives courts discretion to permit or deny joinder of a diversity-destroying defendant. 28 U.S.C. § 1447(e). When deciding whether to permit the joinder of a non-diverse party, courts in this district conduct a two-prong analysis. *Wyant v. Nat'l R.R. Passenger Corp.,* 881 F. Supp. 919, 922 (S.D.N.Y. 1995). First, the party must have properly been joined according to Rule 20 of the Federal Rules of Civil Procedure. *Id.* Second, joinder of that party must be "consistent with principles of fundamental fairness." *Id.*

**II. Joinder is Permissible Pursuant to F.R.C.P. 20(a)(2)**

Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that persons may be joined in an action as defendants if (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Both elements are clearly satisfied in this case. The right to relief asserted against both CEM, the landlord of the apartment, and Marsan, the leaseholder of the apartment, arise from the same alleged fall. Additionally, Plaintiff's claim against CEM will include many of the same questions of law and fact as Plaintiff's claim against Marsan. Therefore, joinder is permissible under Fed. R. Civ. P. Rule 20(a)(2). *See M.S.S. Const. Corp. v. Century Sur. Co.,* No. 15 CIV. 2801 ER, 2015 WL 6516861, at *6 (S.D.N.Y. Oct. 28, 2015) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966)); *Ruiz v. Forest City Enter., Inc.,* No. 09 Civ.

4699(RJD)(MDG), 2010 WL 3322505, at *1 (E.D.N.Y. Aug. 20, 2010) ("Because federal courts should 'entertain[] the broadest possible scope of [an] action consistent with fairness to the parties,' the 'joinder of claims, parties and remedies is strongly encouraged.'") .

### III. A Balancing of Factors Weighs in Favor of Joinder and Remand

Having decided that the joinder of Marsan, a non-diverse party, is permissible under Rule 20, this Court must next decide whether the joinder would be "consistent with principles of fundamental fairness." *Nazario v. Deere & Co.,* 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). Under this test, the following four factors are considered: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment. *Id*. Joinder is permitted when these factors weigh in the moving party's favor, even if it divests the court of diversity jurisdiction and requires remand. *Id.*

### A. Delay in Seeking Joinder, and any Reason for Delay

First, this Court must consider any delay that occurred when filing the joinder. CEM argues that Plaintiff's delay in joining Marsan was of "sufficient length" to warrant denying the motion to remand. (Dkt. No. 53, Def.'s Br. at 5.)

Plaintiff responds that until CEM disclosed a copy of Marsan's lease to the apartment, Plaintiff was unaware that Marsan was the tenant of record for the apartment. (Dkt. No. 54, Pl.'s Br. at 3.) Therefore, Plaintiff claims that any delay in joinder is due to CEM's failure to timely provide a copy of the lease. (*Id.*)

Plaintiff moved to join Marsan in July 2019, eight months after Defendant removed this action to federal court in November 2018. *See Nazario*, 295 F. Supp. 2d at 363. ("Delay in seeking [joinder] is measured from the date of removal."). It is true that some courts in this District have found five months from removal to be an unreasonable delay weighing against joinder. *See Nazario,* 295 F. Supp. 2d at 363 ("Plaintiff's decision to wait five months to

5

bring this motion [to join defendants] is without justification."); *Juliano v. Toyota Motor Sales, U.S.A., Inc.,* 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998) (stating that plaintiff "unjustifiably" moved to join defendant five months after removal).

However, the fundamental fairness test also requires courts to consider any reason for the delay. *See Hosein v. CDL W. 45th St., LLC,* No. 12 CIV. 06903, 2013 WL 4780051, at *5 (S.D.N.Y. June 12, 2013) ("While a delay of six months is not insignificant, the court concludes that a delay of six months in the circumstances of this case is excusable."). Here, CEM waited until June 2019 -- nine months after the inception of this lawsuit and a week after CEM produced Marsan as a witness for examination -- to disclose a copy of Marsan's lease. Less than a month later, Plaintiff moved to join Marsan as an additional defendant. *See id.* (viewing plaintiff's delay in light of defendant's failure to promptly provide records and addresses of potential defendants). Therefore, because Plaintiff was "'not in possession of the full facts when [he first filed] the suit,' and it was after discovery that [Plaintiff] 'learned that [Marsan] might be as liable as [CEM],'" Plaintiff did not delay unreasonably in joining Marsan as a defendant. *Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 CIV.9464 RMB THK, 2011 WL 566776, at *3 (S.D.N.Y. Feb. 8, 2011) (citing *Acme Elec. Corp. v. Sigma Instruments, Inc.,* 121 F.R.D. 26, 28 (W.D.N.Y. 1998)); *see Hosein*, 2013 WL 4780051, at *5 (finding that defendants' delay mitigated plaintiff's delay).

**B. Prejudice to Defendant**

Second, CEM states that joinder will be prejudicial. (Dkt. No. 53, Def.'s Br. at 4.) Though Defendants properly removed this action to this Court and have an interest in litigating in this forum, "these facts alone do not suffice." *Cooper v. Trustees of Coll. Of Holy Cross,* No. 13 Civ. 8064(KPF), 2014 WL 2738545, at *8 (S.D.N.Y June 17, 2014); *Nazario*, 295 F. Supp. 2d at 364 ("Though Deere has an interest in defending against this action in this forum, and though removal to this Court was properly executed, for purposes of this factor

we discern no prejudice to Deere which alone would warrant denying plaintiff's motion."). Moreover, CEM neither articulates any prejudice it would suffer if joinder were allowed, nor contends that permitting joinder would require it to "revise or abandon [its] litigation strategy." *Durstenberg v. Electrolux Home Prod., Inc.*, No. 15 CIV. 9277 (CM), 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) (citing *Nazario*, 295 F. Supp. 2d at 364) ("Even if there *had* been discovery, that alone would not suffice to find prejudice, as long as Defendants would not be forced to revise or abandon their litigation strategy as a result."). There is no reason to believe that a justice of the New York State Supreme Court will not simply take the case as it stands, with no need to repeat discovery already undertaken. Therefore, because CEM will not be unduly prejudiced by the joinder, this factor weighs in favor of remand as well.

## C. Likelihood of Multiple Litigation

Third, this Court must "consider whether denying joinder could result in two parallel litigations—one in state court and one in federal court." *Hosein*, 2013 WL 4780051, at *6. The parties here do not dispute this point. If joinder of Marsan is denied, Plaintiff will be "forced to litigate in two different fora to bring [his] claims against all potential tortfeasors, resulting in an inefficient use of judicial resources." *Wyant*, 881 F. Supp. at 923. Because permitting the joinder of Marsan and remanding would eradicate potential for multiple litigation and ensure consistency in judgment, this factor weighs in favor of joinder. *See Juliano,* 20 F. Supp. 2d at 576 ("Courts in [this] circuit have held that avoidance of multiple litigation weighs in favor of joinder of a party, even if joinder will defeat diversity.").

## D. Plaintiff's Motivation for the Amendment

Fourth, CEM asserts that Plaintiff's sole reason for seeking to join Marsan is to defeat diversity jurisdiction. (Dkt. No. 53, Def.'s Br. at 4.) In response, Plaintiff argues that the

joinder is motivated by recent discovery revealing Marsan's potential liability for Plaintiff's alleged injury. (Dkt. No. 54, Pl.'s Br. at 4.)

This Court has stated that "[w]here the other three factors are met, this Court is required to remand the action to state court 'unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction.'" *Durstenberg*, 2016 WL 750933, at *2 (quoting *Balfour v. Quest Diagnostics Inc.,* No 11cv4701 (JSR), 2012 WL 335666, at *2 (S.D.N.Y. Feb. 1, 2012)). To determine a plaintiff's motivation for joining a non-diverse defendant, "courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant." *M.S.S. Const. Corp.,* 2015 WL 6516861, at *7 (quoting *Ruiz,* 2010 WL 3322505, at *3). However, when "a plaintiff discovers new information, subsequent to filing its complaint that warrants the addition of new parties, courts have routinely held that no inference arises that the plaintiff was motivated to join the defendant solely to defeat jurisdiction." *Cooper*, 2014 WL 2738545, at *9 (quoting *Ruiz,* 2010 WL 3322505, at *3).

Here, CEM provided Plaintiff with a copy of Marsan's lease a week after it produced Marsan as a witness for examination, and nine months after the inception of this suit – long after the lease should have been produced in accordance with CEM's Rule 26 discovery obligations. Less than one month later, Plaintiff moved to join Marsan to this action. Therefore, it appears that Plaintiff's motivation is not a sole desire to destroy diversity, but rather a desire to consolidate all potentially liable parties into one single action, thereby increasing his chances of recovery. *Durstenburg*, 2016 WL 750933, at *2 (*citing Vanderzalm v. Sechrist Indus., Inc.,* 875 F. Supp. 2d 179, 186–87 (E.D.N.Y. 2012)) ("[T]hat a plaintiff is motivated to destroy diversity will not necessarily weigh against joinder and remand where the destruction of diversity is not to avoid to a federal forum, but rather to avoid multiple litigations and promote judicial economy."); *Dieng v. Smith & Nephew Dyonics, Inc.,* No.

02cv8201 (RCC), 2003 WL 22240748, at *3 (S.D.N.Y. Sept. 29, 2003) ("[I]t is likely that Plaintiff wishes to join all defendants who may have contributed to the injuries he claims to have suffered in order to increase his chances of recovery and to expedite litigation."); *Wyant*, 881 F.Supp. at 923 (permitting joinder because plaintiffs were motivated "by a good faith desire to seek recovery from those parties they contend are liable to them"). Furthermore, CEM's assertion alone that Plaintiff "wish[es] to add a new defendant solely to destroy diversity," Dkt. No. 53, Def.'s Br. at 4, is insufficient to defeat joinder. *See Dieng*, 2003 WL 22240748, at *3 (citing *Soto v. Barnitt*, No. 00 CIV. 3453 DLC, 2000 WL 1206603, at *3 (S.D.N.Y. Aug. 23, 2000)) ("Bald assertions or implications that a plaintiff is motivated only to destroy diversity are insufficient proof of such motivation."). Thus, Plaintiff's motivation for the motion to join Marsan as a non-diverse party weighs in favor of granting joinder and remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this matter to state court is granted. The Clerk of the Court is directed to remove Docket No. 48 from the Court's list of pending motions and to close the file.

Dated: June 16, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL

9